**IN THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DARIANE EZION,<br><br>Plaintiff,<br><br>v.<br><br>DOT FOODS, INC.<br><br>Defendant. | Case No.: 21 cv 681 |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff DARIANE EZION, by and through undersigned counsel, complaining of Defendant DOT FOODS, INC. for violations of 29 U.S.C. 2615(a)(1),(2) of the Family Medical Leave Act ("FMLA"). In support of her claims, Plaintiff states as follows:

**JURISDICTION & VENUE**

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 29 U.S.C. 2615(a)(1), (2) of the FMLA.

2. Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

**PARTIES**

3. Plaintiff DARIANE EZION (hereinafter "Plaintiff") was an employee of Defendant. Plaintiff worked at Defendant's facility in University Park, Will County, Illinois.

4. Defendant DOT FOODS, INC. (hereinafter “Defendant”) is a private sector foodservice distributor operating nationwide. It is headquartered in Mount Sterling, Illinois and has facilities in Chicago, Illinois, among other locations throughout the United States. Defendant has over 4,000 employees.

## FACTUAL ALLEGATIONS

5. Plaintiff was hired at Defendant on or about July 31, 2018. Her most recent position was gate attendant.

6. Sometime in or around March/April of 2020, Defendant began allowing employees to take voluntary leave to adjust for economic loss experienced by Defendant during the onset of the COVID-19 pandemic.

7. Beginning in or around May of 2020, in order to further adjust to financial constraints, decreased work load, and safety concerns brought on by the COVID-19 pandemic, Defendant requested employees volunteer for unpaid furloughs.

8. Pursuant to this, in May of 2020, Plaintiff volunteered for furlough. At that time, Plaintiff informed Defendant that she and her immediate family members were at high-risk for COVID-19 due to underlying health conditions.

9. Plaintiff’s furlough was initially approved through June 27, 2020.

10. In June, Defendant continued to offer furlough to employees to adjust to financial, work load and safety concerns.

11. Plaintiff volunteered for and was provided extensions of furlough as offered by Defendant.

12. Plaintiff returned to work on September 10, 2020.

13. On or about November 11, 2020, per the advice of Defendant's Human Resources Manager, Plaintiff requested leave under the FMLA because of a serious injury suffered by her spouse, and her need to care for her spouse and their children.

14. Defendant's Human Resources personnel told Plaintiff that they had no control over FMLA requests and the request would be determined by its third-party administrator.

15. On or about November 13, 2020, Defendant, through its third-party administrator, reviewed and approved Plaintiff's FMLA leave. Plaintiff was approved FMLA leave through December 31, 2020.

16. On or about November 25, 2020, Defendant contacted Plaintiff to let her know that her FMLA leave would expire on December 3, 2020, and not on December 31, 2020. Defendant claimed that Plaintiff used FMLA leave from June 18 through September 5, 2020.

17. Plaintiff contacted Defendant regarding the matter and disputed the FMLA calculations. Plaintiff reiterated the prior leave had been provided under the voluntary furlough program provided by Defendants, and that her spouse's immediate health concerns required her current leave.

18. On December 15, 2020, Defendant informed Plaintiff that because she had not returned to work on December 3, 2020, she had "voluntarily" separated from her employment pursuant to its attendance policy.

**COUNT I – INTERFERENCE WITH THE EXERCISE OF FMLA RIGHTS IN VIOLATION OF 29 U.S.C. 2615(A)(1)**

19. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

20. Plaintiff was eligible for FMLA. Plaintiff requested, and was approved, for FMLA leave through December 31, 2020.

21. Defendant interfered with the exercise of Plaintiff's FMLA rights by discharging her prior to the end of her approved FMLA leave.

22. Defendant's interference with Plaintiff's exercise of FMLA rights has caused Plaintiff damages, including, but not limited to, lost income and lost eligibility for certain benefits.

23. Defendant's violation of FMLA provisions prohibiting interference with an employee's exercise of rights under the statute was willful, wanton, or conducted with reckless disregard for Plaintiff's rights and Defendant's obligations under the FMLA.

**COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF 29 U.S.C. 2615(A)(2)**

24. Plaintiff reasserts and realleges all previously pled paragraphs as if stated fully herein.

25. Defendant retaliated against Plaintiff for asserting her rights under FMLA by discharging her on December 15, 2020.

26. Defendant's retaliatory discharge of Plaintiff has caused her damages, including, but not limited to, lost income and lost eligibility for certain benefits.

27. Defendant's violation of FMLA provisions prohibiting retaliatory discharge was willful, wanton, or conducted with reckless disregard for Plaintiff's rights and Defendant's obligations under the FMLA.

**CONCLUSION**

Wherefore, Plaintiff DARIANE EZION prays this Honorable Court enter judgment in her favor and against Defendant DOT FOODS, INC., granting her the following relief:

A. Actual damages;

B. Compensatory damages;

C. Costs;

D. Attorney's fees;

E. Such other relief as the Court deems just and equitable, or to which Plaintiff is entitled as a matter of law.

Respectfully submitted,
DARIANE EZION
Plaintiff

_____/s/Christina Abraham_______
By: Christina Abraham
Attorney for Plaintiff

February 5, 2021

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150