**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DARIANE E'ZION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 21–CV–681 |
| | ) | |
| DOT TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

NOW COMES Defendant, DOT TRANSPORTATION, INC., by its attorneys BROWN, HAY & STEPHENS, LLP, and for its answers and affirmative defenses, states as follows:

### JURISDICTION & VENUE

1. Jurisdiction is proper under 28 U.S.C. §1331 because this action arises under the laws of the United States. This action is brought pursuant to 29 U.S.C. 2615(a)(1), (2) of the FMLA.

**ANSWER: Defendant admits the allegations in paragraph 1.**

2. Venue is proper under 28 U.S.C. §1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

**ANSWER: Defendant admits the allegations in paragraph 2.**

### PARTIES

3. Plaintiff DARIANE EZION (hereinafter "Plaintiff") was an employee of Defendant. Plaintiff worked at Defendant's facility in University Park, Will County, Illinois.

**ANSWER: Defendant admits the allegations in paragraph 3.**

4. Defendant DOT TRANSPORTATION, INC., (hereinafter "Defendant") is a private sector foodservice distributor operating nationwide. It is headquartered in Mount Sterling, Illinois and has facilities in Chicago, Illinois among other locations throughout the United States. Defendant has over 4,000 employees.

**ANSWER: Defendant denies it is a foodservice distributor, denies it has a terminal in Chicago, Illinois, and denies it has over 4,000 employees. Defendant admits the remaining allegations in paragraph 4.**

## FACTUAL ALLEGATIONS

5. Plaintiff was hired at Defendant on or about July 31, 2018. Her most recent position was gate attendant.

**ANSWER: Defendant admits the allegations in paragraph 5.**

6. Sometime in or around March/April of 2020, Defendant began allowing employees to take voluntary leave to adjust for economic loss experienced by Defendant during the onset of the COVID–19 pandemic.

**ANSWER: Defendant admits the allegations in paragraph 6.**

7. Beginning in or around May of 2020, in order to further adjust to financial constraints, decreased work load, and safety concerns brought on by the COVID–19 pandemic, Defendant requested employees volunteer for unpaid furloughs.

**ANSWER: Defendant admits the allegations in paragraph 7.**

8. Pursuant to this, in May of 2020, Plaintiff volunteered for furlough. At that time, Plaintiff informed Defendant that she and her immediate family members were at a high-risk for COVID–19 due to underlying health conditions.

**ANSWER: Defendant admits Plaintiff volunteered for a furlough. Defendant denies the remaining allegations in paragraph 8.**

9. Plaintiff's furlough was initially approved through June 27, 2020.

**ANSWER: Defendant admits Plaintiff was initially approved for a furlough through June 27, 2020, but denies that Plaintiff's initial approval was not subject to recall as inferred by the allegation in paragraph 9.**

10. In June, Defendant continued to offer furlough to employees to adjust for financial, work load and safety concerns.

**ANSWER: Defendant admits that some of its locations continued to offer furloughs to its employees in June, but denies that furloughs were available at all locations.**

11. Plaintiff volunteered for and was provided extensions of furlough as offered by Defendant.

**ANSWER: Defendant denies the allegations in paragraph 11.**

12. Plaintiff returned to work on September 10, 2020.

**ANSWER: Defendant admits the allegations in paragraph 12.**

13. On or about November 11, 2020, per the advice of Defendant's Human Resources Manager, Plaintiff requested leave under the FMLA because of a serious injury suffered by her spouse, and her need to care for her spouse and children.

**ANSWER: Defendant admits the allegations in paragraph 13.**

14. Defendant's Human Resources personnel told Plaintiff that they had no control over FMLA requests and the request would be determined by its third-party administrator.

**ANSWER: Defendant denies the allegations in paragraph 14.**

15. On or about November 13, 2020, Defendant, through its third-party administrator, reviewed and approved Plaintiff's FMLA leave. Plaintiff was approved FMLA leave through December 31, 2020.

**ANSWER: Defendant admits its third-party administrator reviewed and approved Plaintiff's FMLA leave request on or about November 13, 2020. However, Defendant denies that Plaintiff was eligible for FMLA leave. Defendant further denies that it approved Plaintiff's request for FMLA leave and denies it accepted its third-party administrator's decision.**

16. On or about November 25, 2020, Defendant contacted Plaintiff to let her know that her FMLA leave would expire on December 3, 2020, and not on December 31, 2020. Defendant claimed that Plaintiff used FMLA leave from June 18 through September 5, 2020.

**ANSWER: Defendant admits it informed Plaintiff she would be required to return to work on December 3, 2020. Defendant admits it informed plaintiff she had previously exhausted her FMLA leave between June 18 and September 5, 2020. Defendant denies the remaining allegations in paragraph 16.**

17. Plaintiff contacted defendant regarding the matter and disputed the FMLA calculations. Plaintiff reiterated the prior leave had been provided under the voluntary furlough program provided by Defendants, and that her spouse's immediate health concerns required her current leave.

**ANSWER: Defendant admits Plaintiff contacted Defendant regarding the dispute. Defendant denies the remaining allegations and denies violating Plaintiff's rights under the FMLA.**

18. On December 15, 2020, Defendant informed Plaintiff that because she had not returned to work on December 3, 2020, she had "voluntarily" separated from her employment pursuant to its attendance policy.

**ANSWER: Defendant admits the allegations in paragraph 18.**

## COUNT I – INTERFERENCE WITH THE EXERCISE OF FMLA RIGHTS IN VIOLATION OF 29 U.S.C. 2615(A)(1)

19. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

**ANSWER: Defendant restates its answers to all previous paragraphs as if fully set forth herein.**

20. Plaintiff was eligible for FMLA. Plaintiff requested, and was approved, for FMLA leave through December 31, 2020.

**ANSWER: Defendant denies the allegations in paragraph 20.**

21. Defendant interfered with the exercise of Plaintiff's FMLA rights by discharging her prior to the end of her approved FMLA leave.

**ANSWER: Defendant denies the allegations in paragraph 21.**

22. Defendant's interference with Plaintiff's exercise of FMLA rights has caused Plaintiff damages, including, but not limited to, lost income and lost eligibility for certain benefits.

**ANSWER: Defendant denies the allegations in paragraph 22.**

23. Defendant's violation of FMLA provisions prohibiting interference with an employee's exercise of rights under the statute was willful, wanton, or conducted with reckless disregard for Plaintiff's rights and Defendant's obligations under the FMLA.

**ANSWER: Defendant denies the allegations in paragraph 23.**

**COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF 29 U.S.C. 2615(A)(2)**

24. Plaintiff reasserts and realleges all previously pled paragraphs as if stated fully herein.

**ANSWER: Defendant restates its answers to all previous paragraphs as if fully set forth herein.**

25. Defendant retaliated against Plaintiff for asserting her rights under FMLA by discharging her on December 15, 2020.

**ANSWER: Defendant denies the allegations in paragraph 25.**

26. Defendant's retaliatory discharge of Plaintiff has caused her damages, including, but not limited to, lost income and lost eligibility for certain benefits.

**ANSWER: Defendant denies the allegations in paragraph 26.**

27. Defendant's violation of FMLA provisions prohibiting retaliatory discharge was willful, wanton, or conducted with reckless disregard for Plaintiff's rights and Defendant's obligations under the FMLA.

**ANSWER: Defendant denies the allegations in paragraph 27.**

**CONCLUSION**

Wherefore, Plaintiff DARIANE EZION prays this Honorable Court enter judgment in her favor and against Defendant DOT TRANSPORTATION, INC., granting her the following relief:

A. Actual damages;

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

B. Compensatory damages;

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

C. Costs;

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

D. Attorney's fees;

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

E. Such other relief as the Court deems just and equitable, or to which Plaintiff is entitled as a matter of law.

**ANSWER: Defendant denies Plaintiff is entitled to any relief.**

## JURY DEMAND

1. Defendant demands trial by jury.

## AFFIRMATIVE DEFENSES

1. Plaintiff used 480 hours of FMLA leave between June 18 and September 5, 2020, and had therefore exhausted all of her FMLA protected leave time when she requested FMLA leave in November 2020.

2. Plaintiff failed to mitigate any damages.

Respectfully submitted,

DOT TRANSPORTATION, INC.,

Defendant,

By: s/Dylan P. Grady
Dylan P. Grady
Attorney for Defendant

Dylan Grady, #6309120
BROWN, HAY & STEPHENS, LLP
205 S. Fifth St., Suite 1000
Springfield, Illinois 62705
Phone: 217–544–8491
Fax: 217–241–3111
Email: dgrady@bhslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2021, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

Christina Abraham
Abraham Law & Cosulting, LLC
161 N. Clark Street, Suite 1600
Chicago, IL 60601
christina.w.abraham@gmail.com

and I hereby certify that on March 29, 2021, I mailed by United States Postal Service, the document to the following non-registered participants:

**NONE**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

Angela D. Rodefer